## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JUSTIN BUERMANN, | Civil No. 15-3964 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| TOM ROY, | |
| Respondent. | |

A.L. Brown, **CAPITOL CITY LAW GROUP, LLC**, 413 Wacouta Street, Suite 140, St. Paul, MN 55101, for petitioner.

David J. Hauser, County Attorney, and Michelle M. Eldien, Assistant County Attorney, **OTTER TAIL COUNTY ATTORNEY'S OFFICE**, 121 West Junius Avenue, Suite 320, Fergus Falls, MN 56537, and James B. Early and Matthew Frank, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondent.

Petitioner Justin Buermann has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation ("R&R") recommending that the Court grant Respondent's motion to dismiss, deny Buermann's habeas petition as time-barred, and dismiss the action with prejudice. Buermann filed timely objections to the R&R. Because Buermann has not established actual innocence or the diligence necessary for equitable tolling, the Court will overrule Buermann's objections and adopt the R&R.

## BACKGROUND

In March 2005, Buermann was arrested and charged with two counts of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(h) and

subd. 1(g), for abusing his step-daughter, K.T.B., and daughter, K.B. *State v. Buermann* ("*Buermann I*"), No. A06-1066, 2007 WL 2601429, at *1-2 (Minn. Ct. App. Sept. 11, 2007). K.T.B. reported that Buermann forced her to have sexual intercourse on numerous occasions since she was in the fourth grade, and K.B. reported that Buermann "fingered" her when she was ten years old. *Id*. In 2006, Buermann was convicted of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(h), based on his abuse of K.T.B. *Id.* at *2. The trial court sentenced Buermann to 144 months in prison. *Id*. at *5. Buermann also entered an *Alford* plea as to the second count against K.B., and was sentenced to an identical concurrent term of imprisonment. (Pet. for Writ of Habeas Corpus ("Pet.") at 4, Nov. 16, 2015, Docket No. 7.) The Minnesota Court of Appeals denied Buermann's appeal of his conviction, *Buermann I*, 2007 WL 2601429, at *1, and on November 13, 2007, the Minnesota Supreme Court denied review, *State v. Buermann*, No. A06-1066, 2007 Minn. LEXIS 696 (Minn. Nov. 13, 2007).

In 2012 Buermann sought post-conviction relief, arguing that he was actually innocent because of alleged new evidence that K.T.B. had a medical condition known as "absent vagina"; Buermann also moved to withdraw his previous *Alford* plea. *Buermann v. State*, No. A12-1313, 2013 WL 4504324, at *1-3 (Minn. Ct. App. Aug. 26, 2013). The state district court denied Buermann's petition, the Court of Appeals affirmed, and the Minnesota Supreme Court denied further review. *Id.*; *Buermann v. State*, No. A12-1313, 2013 Minn. LEXIS 709 (Minn. Nov. 26, 2013).

At some point, Buermann began working with John Wilson and Lari Zeka, believing them to be attorneys assisting in his habeas petition. (Pet. at 32-35.) On

March 22, 2013, Buermann received a letter from the Department of Justice informing him that Wilson and Zeka were not licensed lawyers and had been found guilty of a conspiracy to defraud prison inmates.  (*Id.* at 32-33.)  More than two years later, on October 29, 2015, Buermann filed the instant petition for writ of habeas corpus, claiming that he was denied effective assistance of counsel at trial and on appeal, that his *Alford* plea was forced and therefore invalid, and that the trial court erred in not declaring a mistrial after alleged juror misconduct.  (*Id.* at 18-31.)  On November 30, 2015, Respondent moved to dismiss Buermann's petition because it was filed more than a year after his judgment became final.  (Mot. to Dismiss, Nov. 30, 2015, Docket No. 9.)  On April 14, 2016, the Magistrate Judge filed an R&R recommending that the Court deny the habeas petition because it is time barred.  (R&R at 10, Apr. 14, 2016, Docket No. 11.)  Buermann filed timely objections to the R&R, arguing that his claim of actual innocence is viable despite the expired statute of limitations, and that his filing deadline should be equitably tolled because he was deceived by fraudulent attorneys purporting to represent him.  (Objs. at 1-3, Apr. 28, 2016, Docket No. 12.)  The Court now considers his objections *de novo*.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

## DISCUSSION

### I.   ACTUAL INNOCENCE AND THE AEDPA STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas petitions filed "by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period begins to run on "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A judgement does not become final until the deadline for seeking certiorari with the United States Supreme Court has expired. *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).

In this case, Buermann sought appellate review with the Minnesota Court of Appeals and the Minnesota Supreme Court. After the state Supreme Court denied review on November 13, 2007, Buermann had 90 days to petition the Supreme Court for a writ of certiorari. On February 11, 2008, the 90 days passed and the year-long habeas corpus statute of limitations began to run. Thus, the statute of limitations on Buermann's habeas petition expired on February 11, 2009, over six years before Buermann filed the instant habeas petition.

While generally an actual innocence claim cannot excuse the late filing of a habeas corpus petition, *Flanders v. Graves*, 299 F.3d 974, 976-78 (8th Cir. 2002), in rare circumstances a claim of actual innocence may be heard despite the fact that the statute of limitations has already expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). These circumstances must involve the introduction of new evidence not present at the original trial. *Johnson v. Norris*, 170 F.3d 816, 817-818 (8th Cir. 1999). Evidence is only considered "new" if it was unavailable at trial and could not have been revealed earlier through the exercise of due diligence. *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). This new evidence must be so persuasive that it not only creates reasonable doubt as to the petitioner's original conviction, but that, more likely than not, no reasonable juror would have found the defendant guilty in light of this new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see* 28 U.S.C. § 2244(b)(2)(B)(ii).

Buermann contends that a 2011 affidavit from Dr. James Ingaglio regarding a 2005 medical examination of K.T.B. demonstrates actual innocence. (Objs. at 2.) However, this evidence is not new since the underlying medical evaluation was available and known to Buermann and his attorneys before the initial trial. (Pet. at 14.) While Buermann asserts that neither he nor his attorneys were aware of the significance of the medical report until after the trial, this assertion is immaterial because the report was in fact available at trial.

Alternatively, even if the medical report were new evidence, the actual innocence standard has not been met. Dr. Ingaglio acknowledges that an absent vagina can be penetrated "a half of an inch, or 1 centimeter." (Exs. in Supp. of Pet., Ex. B ¶ 17, Nov. 16, 2015, Docket No. 8.) Buermann was convicted of first degree criminal sexual conduct, a crime involving "sexual penetration," defined as including "any intrusion however slight into the genital or anal openings . . . of the complainant's body." Minn. Stat. § 609.341, subd. 12. Given this definition, a reasonable juror could still find Buermann guilty in light of the evidence presented.

## II.   EQUITABLE TOLLING

A petitioner may benefit from equitable tolling only when he demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The extraordinary circumstances must be the cause of the delay and "external to the plaintiff and not attributable to his actions." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir.

2002). In limited circumstances, the misdeeds of the petitioner's attorney may toll the statute of limitations. *United States v. Martin*, 408 F.3d 1089, 1093-96 (8th Cir. 2005) (holding that a federal petitioner's habeas claim should benefit from equitable tolling because of attorney's gross misrepresentations regarding the law and status of the case and petitioner's demonstrated diligence in pursuing his claim). However, "[e]quitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." *Id.* at 1095. When evaluating extraordinary circumstances beyond the petitioner's control, the court considers periods of delay in filings and whether the petitioner has offered any reasoning for these delays. *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (holding that because petitioner chose to take no action on his post-conviction claim during the limitations period, no extraordinary circumstances prevented petitioner's timely habeas petition). Additionally, a petitioner's lack of legal knowledge or legal resources is not enough to warrant equitable tolling. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Here, Buermann argues that the doctrine of equitable tolling should apply to his case because he was defrauded by two individuals who purported to be attorneys representing him in his habeas petition. (Objs. at 2-3.) Buermann states that he only discovered that these attorneys were fraudulent on March 22, 2013, after receiving a letter from the Department of Justice. Two years and seven months passed between this date and Buermann's habeas petition. He raises no justification for this delay. Furthermore, Buermann was also represented by an attorney pursuing his state post-conviction relief at the same time – so he had recent contact with an attorney with whom he could discuss his federal petition and Wilson and Zeka's fraud. For these reasons,

Buermann has not shown due diligence in pursuing his claim. Equitable tolling therefore does not apply.

# ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** Buermann's objections [Docket No. 12] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 11]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Dismiss [Docket No. 9] is **GRANTED.**

2. Buermann's Petition for Writ of Habeas Corpus is **DENIED.**

3. Buermann's action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 8, 2016            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                   Chief Judge
                                     United States District Court