**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JUSTIN BUERMANN,

Petitioner,

v.

TOM ROY

Respondent.

Civil No. 15-3964 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

John E. Mack, **MACK & DABY PA**, P.O. Box 302, New London, MN 56273, and A.L. Brown, **CAPITOL CITY LAW GROUP, LLC**, 413 Wacouta Street, Suite 140, Saint Paul, MN 55101, for petitioner.

David J. Hauser, County Attorney, and Michelle M. Eldien, Chief Deputy County Attorney, **OTTER TAIL COUNTY ATTORNEY'S OFFICE**, 121 West Junius Avenue, Suite 320, Fergus Falls, MN 56537, and James B. Early and Matthew Frank, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondent.

On October 29, 2015, Petitioner Justin Buermann filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 challenging his 2006 Minnesota convictions for first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(g) and (h). On April 13, 2016, United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation ("R&R") recommending that the Court dismiss Buermann's action with prejudice as time-barred. (R&R, Apr. 14, 2016, Docket No. 11.) This Court adopted the Magistrate Judge's R&R on August 8, 2016, dismissing the action as untimely. (Order Adopting R&R, Aug. 8, 2016, Docket No. 13.)

Buermann filed a Notice of Appeal to the Eighth Circuit on September 6, 2016, and on September 13, 2016, the Eighth Circuit remanded the action to this Court for the limited purpose of determining whether Buermann is entitled to a certificate appealability ("COA") pursuant to *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1977). On September 14, 2016, the Magistrate Judge issued a second R&R recommending that this Court refrain from issuing a COA. (R&R ("Sept. R&R"), Sept. 14, 2016, Docket No. 20.) Before the Court is Buermann's timely objection to the Report and Recommendation, (Objs., Sept. 26, 2016, Docket No. 21), which the Court reviews de novo, 28 U.S.C. § 636(b)(1)(C); D. Minn. LR. 72.2(b).

Because Buermann has not made a substantial showing of the denial of a constitutional right, the Court will adopt the Magistrate Judge's R&R and decline to issue a COA. 28 U.S.C. § 2253(c)(2).

## ANALYSIS[1]

The Court may grant a COA only where a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman*, 122 F.3d at 523. To make that showing, the issues must be "debatable among reasonable jurists," a court must be able to "resolve the issues differently," or the case must "deserve further proceedings." *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

---

[1] The facts of Buermann's case are detailed in the Magistrate Judge's earlier R&R and this Court's order adopting that R&R, and the facts need not be repeated here. (R&R at 1-4; Order Adopting R&R at 1-3.)

Here, the Court denied Buermann's petition because it was filed well after the one-year statute of limitations had expired. *See* 28 U.S.C. § 2244(d)(1). The Court determined that Buermann's claim of actual innocence could not overcome the statute of limitations because (1) Buermann's claim of innocence relies on evidence that he concedes was available to him at trial, and (2) even in light of the evidence Buermann emphasizes, a reasonable juror could still find him guilty. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Court further determined that equitable tolling could not save Buermann's untimely petition because, even if Buermann's alleged attorneys' fraud was an extraordinary circumstance, (1) Buermann failed to justify the more than two-and-a-half-year delay between the time that he learned of the fraud, in March 2013, and the time he filed his petition, and (2) Buermann was represented by an attorney in state court at the time he discovered the fraud, and he could have discussed the fraud with that attorney. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing'" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

On remand, the Magistrate Judge determined that Buermann is not entitled to a COA because it is "highly unlikely" that any court would treat Buermann's habeas

petition differently than this Court did, since the petition is "squarely foreclosed by the relevant statute of limitations." (Sept. R&R at 1.) The Magistrate Judge further explained that "Buermann failed to identify, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review." (*Id.*)

Buermann essentially makes three objections to the R&R. First, Buermann argues that the Court's holding on actual innocence should be appealable because "[g]iven [the new] evidence, there is more than enough to cause reasonable jurists to disagree among themselves as to whether the outcome [of the trial] should have been different." (Objs. at 4.) However, there is no dispute that the evidence Buermann argues supports his innocence – the results of a 2005 medical examination of one of his victims – was available and known to Buermann at trial. *See* 28 U.S.C. § 2244(d)(1)(D) (explaining that when there is new evidence available, the filing deadline for a state prisoner's habeas petition is one year from "the date on which the factual predicate of the claim . . . could have been discovered through . . . due diligence"). Therefore, no reasonable jurist could disagree that Buermann has failed to satisfy the first prong of the *McQuiggin* actual innocence standard simply because Buermann has presented no new evidence.

Furthermore, under *McQuiggin*, Buermann argues that because one juror might not have voted to convict, reasonable jurists could disagree as to whether the statute of limitations applies. (Objs. at 4.) Buermann does not address the Court's previous determination that the criminal statute under which Buermann was convicted defines the crime of conviction so broadly – criminalizing "any intrusion however slight into the genital or anal openings . . . of the complainant's body" – that the medical examination

does not indicate that no reasonable juror would vote to convict. (Order Adopting R&R, at 5 (quoting Minn. Stat. § 609.341, subd. 12).) To overcome the statute of limitations based on a claim of actual innocence, *McQuiggin* requires that **no reasonable juror** would vote to convict; Buermann has not explained why no reasonable juror would vote to convict, and therefore, reasonable jurists could not disagree that he has failed to satisfy *McQuiggin*'s requirement.

Buermann's second objection is that reasonable jurists could disagree about whether he is entitled to equitable tolling because of attorney fraud. Buermann contends that this Court's "conclusion that he only acted over two years after the fraud was 'discovered' is unreasonable" because, first, "[while] he suspected fraud at the time, he was hardly convinced of it," and second, "the fraud itself was an impediment to the exercise of his [S]ixth [A]mendment right to effective assistance of counsel." (Objs. at 5.) Whether or not the fraud affected Buermann's rights, Buermann's own memorandum in support of his amended petition establishes conclusively that he had proof of fraud in March 2013. The memorandum states that in March 2013, he "received a letter-notice from the U.S. Department of Justice informing [him] that Wilson and Zeka were scam artists who were acting as lawyers without proper licenses." (Mem. in Supp. of Am. Pet. ¶ 92, Oct. 29, 2015, Docket No. 2.) In March 2013, Buermann's petition for post-conviction relief was pending before the Minnesota Court of Appeals; the Minnesota Supreme Court resolved those proceedings on December 23, 2013, when it denied review of the appeals court denial of relief. (*Id.* ¶¶ 21-24.) At that time, Buermann had known

about the fraud scam for roughly nine months based on the Department of Justice letter, yet he waited another twenty-two months before filing the petition before this Court.

Assuming without deciding that the attorney fraud in this case justifies equitable tolling, Buermann's petition is still untimely. If the statute of limitations had not yet begun to run in March 2013, when the Department of Justice notified Buermann of fraud, it continued to be tolled until December 23, 2013 – the date that the state supreme court denied review of his petition for post-conviction relief.[2] The statute of limitations expired one year later, in December 2014. Therefore, even if Buermann is entitled to equitable tolling, as he has argued, no reasonable jurist could disagree that Buermann filed his October 2015 petition roughly ten months after the tolled statute of limitations expired.

Third, Buermann's objections suggest more broadly that AEDPA's one-year statute of limitations is unconstitutional as applied to his case because of his claims of actual innocence and extraordinary circumstances justifying equitable tolling. However, the actual innocence and equitable tolling standards that Buermann has failed to satisfy both come directly from controlling Supreme Court holdings. *See McQuiggin*, 133 S. Ct.

[2] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Court assumes without deciding that Buermann's petition for post-conviction relief was "properly filed," and therefore at the time Buermann learned of the attorney fraud, in March 2013, he also had a pending petition for post-conviction relief in state court that further delayed the start of the statute of limitations until the post-conviction proceedings were fully resolved, on December 23, 2013.

at 1935; *Holland*, 560 U.S. at 649. Reasonable jurists could not disagree about the constitutionality of these doctrines.

Buermann has not made a substantial showing that this Court's dismissal of his petition for untimeliness violates a constitutional right. Buermann has not shown that reasonable jurists would find the issues raised in his habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a COA in this case.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **OVERRULES** Buermann's objections [Docket No. 21], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 20] as follows:

a. For the purposes of appeal, the Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 22, 2016
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court